<u>**UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE DISTRICT OF NEW JERSEY**</u>

_____
                                 :
ALPHONSO STANLEY,                :
                                 :
                Plaintiff,       :      Civil Action
                                 :      10-5511 (RMB)
                                 :
                v.               :      <u>**MEMORANDUM OPINION**</u>
                                 :      <u>**AND ORDER**</u>
ACJF et al.,                     :
                                 :
                Defendants.      :
_____:


**Bumb**, District Judge:

       Plaintiff, a pretrial detainee confined at the Atlantic County
Justice Facility ("ACJF"), Mays Landing, New Jersey, seeks to bring
this action <u>in</u> <u>forma</u> <u>pauperis</u>, pursuant to 42 U.S.C. § 1983,
alleging violations of his constitutional rights.  Based on his
affidavit of indigence and the absence of three qualifying
dismissals, within the meaning of 28 U.S.C. § 1915(g), the Court
will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>,
pursuant to 28 U.S.C. § 1915(a), and will order the Clerk of the
Court to file the Complaint.[1]

_____

       [1] Plaintiff's initial <u>in</u> <u>forma</u> <u>pauperis</u> application
expressed his willingness to accept assessment of the $120 filing
fee.  <u>See</u> Docket Entry No. 1.  In response to this Court's order
informing Plaintiff of the current filing fee, <u>see</u> Docket Entry
No. 2, Plaintiff submitted a letter expressing his willingness to
accept assessment of the current $350 filing fee.  <u>See</u> Docket
Entry No. 3.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.   **BACKGROUND**

Plaintiff named one individual and one entity as defendants in this action: (a) warden of the ACJF; and (b) the ACJF itself.   See Docket Entry No. 1, at 1.

The allegations stated in Plaintiff's Complaint are subdivided into two sections; the first section asserts, in generic terms, insufficient supervision on the part of the warden, while the second elaborates on these challenges by alleging that the warden failed to ensure cleanliness of the ACJF showers and ventilation pipes.   See id. at 3.   The latter statement asserts, in addition, that some inmates are sleeping on mattresses placed on the floor or nine inches above the floor, and that these mattresses are located near toilets.   See id. at 4.   The Complaint closes with a request for an order directing the warden to: (a) supervise the ACJF better; (b) ensure that the inmates, in general, would "receive . . . proper medical care."   Id. at 5.

II.  **STANDARD OF REVIEW**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint

liberally in favor of the plaintiff.  <u>See Erickson v. Pardus</u>, 551 U.S. 89 (2007); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  Indeed, it is long established that a court should "accept as true all of the [factual] allegations in the  complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  However, while a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  <u>See</u> <u>id.</u>

Addressing the clarifications as to the litigant's pleading requirement stated in the United States Supreme Court in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the courts in this Circuit with detailed and careful guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard.  <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." <u>Twombly</u>, 127 S. Ct. at 1964-65 . . .

> Rule 8 "requires a 'showing,' rather than a blanket
> assertion, of entitlement to relief." _Id._ at 1965
> n.3. . . . "[T]he threshold requirement of Rule
> 8(a)(2) [is] that the 'plain statement [must] possess
> enough heft to 'sho[w] that the pleader is entitled to
> relief.'" _Id._ at 1966. [Hence] "factual allegations
> must be enough to raise a right to relief above the
> speculative level." _Id._ at 1965 & n.3. . . . [Indeed,
> it is not] sufficient to allege mere elements of a
> cause of action; instead "a complaint must allege
> facts suggestive of the proscribed conduct." _Id._

_Id._ at 230-34 (original brackets removed).

This pleading standard was further refined by the United

States Supreme Court in its recent decision _Ashcroft v. Iqbal_,

129 S. Ct. 1937 (2009):

> [In any civil action, t]he pleading standard . . .
> demands more than an unadorned ["]the-defendant-
> unlawfully-harmed-me["] accusation. [_Twombly_, 550
> U.S.] at 555 . . . . A pleading that offers "labels
> and conclusions" or "a formulaic recitation of the
> elements of a cause of action will not do." [_Id._] at
> 555. Nor does a complaint suffice if it tenders
> "naked assertion[s]" devoid of "further factual
> enhancement." _Id._ at 557. . . . A claim has facial
> plausibility [only] when the plaintiff pleads factual
> content . . . . _Id._ at 556. [Moreover,] the
> plausibility standard . . . asks for more than a sheer
> possibility that a defendant has acted unlawfully.
> _Id._ [Indeed, even w]here a complaint pleads facts that
> are "merely consistent with" a defendant's liability,
> [the so-alleging complaint still] "stops short of
> [showing] plausibility of 'entitlement to relief.'"
> _Id._ at 557 (brackets omitted). [_A fortiori_,] the tenet
> that a court must accept as true all of the
> allegations contained in a complaint is inapplicable
> to legal conclusions [or to t]hreadbare recitals of
> the elements of a cause of action, supported by mere
> conclusory statements [,_i.e._, by] legal conclusion[s]
> couched as a factual allegation [e.g.,] the
> plaintiffs' assertion of an unlawful agreement [or]
> that [defendants] adopted a policy "'because of,' not
> merely 'in spite of,' its adverse effects upon an
> identifiable group." . . . . [W]e do not reject these

bald allegations on the ground that they are
unrealistic or nonsensical. . . .  It is the
conclusory nature of [these] allegations, rather than
their extravagantly fanciful nature, that disentitles
them to the presumption of truth. . . . [Finally,] the
question [of sufficiency of] pleadings does not turn .
. . the discovery process.  Twombly, 550 U.S.] at 559
. . . . [The plaintiff] is not entitled to discovery
[where the complaint alleges any of the elements]
"generally," [i.e., as] a conclusory allegation
[since] Rule 8 does not [allow] pleading the bare
elements of [the] cause of action [and] affix[ing] the
label "general allegation" [in hope to develop facts
through discovery].

Iqbal, 129 S. Ct. at 1949-54.

## III. <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983
for certain violations of his constitutional rights. Section 1983
provides in relevant part:

Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory
. . . subjects, or causes to be subjected, any citizen of
the United States or other person within the jurisdiction
thereof to the deprivation of any rights, privileges, or
immunities secured by the Constitution and laws, shall be
liable to the party injured in an action at law, suit in
equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff
must allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law.  See West v. Atkins, 487 U.S. 42, 48
(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

IV. <u>DISCUSSION</u>

    A.    **CLAIMS AGAINST ATLANTIC COUNTY JUSTICE FACILITY**

Here, Plaintiff names, as a defendant in this action, the Atlantic County Justice Facility, but the facility is not an entity cognizable as "person" for the purposes of a § 1983 suit.  <u>See</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58 (1989); <u>Grabow v. Southern State Correctional Facility</u>, 726 F. Supp. 537, 538-39 (D.N.J. 1989); <u>see</u> <u>also</u> <u>Marsden v. Federal BOP</u>, 856 F. Supp. 832, 836 (S.D.N.Y. 1994).  Therefore, Plaintiff's allegations against this Defendant must be dismissed with prejudice.

    B.    **CLAIMS AGAINST THE WARDEN**

Plaintiff's allegations against the warden are expressly based on the sole fact that the warden supervises the staff employed at the ACJF.  <u>See</u> Docket Entry No. 1.  While Plaintiff appears to allege that this fact renders the warden liable to him for the alleged wrongs, <u>see</u> <u>id.</u>, the existing law does not provide any basis for such liability.

The holding of <u>Iqbal</u>, while applicable to all types of civil claims, is particularly relevant to allegations based solely on supervisory liability: a litigant does not state a cognizable claim if he asserts nothing but a claim based on the <u>respondeat</u> <u>superior</u> theory.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949-54; <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "'A[n individual government] defendant in a civil rights action

must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of *specific* facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation: supervisory liability may attach if the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. See Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also Iqbal, 129 S. Ct. at 1949-54; City of Canton v. Harris, 489 U.S. 378 (1989); Monell, 436 U.S. at 694-95; Heggenmiller v. Edna Mahan Corr. Inst. for Women, 128 Fed. App'x 240 (3d Cir. 2005); cf. Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990), for the observation that a pleading must indicate "'the who, what, when, where, and how: the first paragraph of any newspaper story"); accord Junne v. Atl. City Med. Ctr., 2008 U.S. Dist. LEXIS 34147, at *27-37 (D.N.J. Apr. 25, 2008) (discussing invalidity of respondeat superior claims against the county and its freeholders, warden and other prison supervisors).

Since, here, Plaintiff's allegations against the warden are expressly and solely based on the warden's supervisory authority, these claims shall be dismissed with prejudice.

**B.   CLAIMS BASED ON OTHERWISE INVALID ASSERTIONS**

Even if a litigant's claims are not based on the doctrine of <u>respondeat</u> <u>superior</u>, the litigant must assert facts amounting to a viable claim.  Plaintiff's Complaint, however, fails to state such allegations.

### 1.   ***Jus Tertii* Claims**

Here, Plaintiff's claims, in addition to being set in generalities, assert claims on behalf of *other inmates*.  Plaintiff, however, has no standing to assert such claims.

Under the "next friend" doctrine, jus tertii,  standing allows a third person to file and pursue a claim in court on behalf of someone who is unable to do so on his or her own.  The doctrine dates back to the English Habeas Corpus Act of 1679 and provides a narrow exception to the "case in controversy" requirement set forth in the Article III of the Constitution.  <u>See</u> <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 154-55 (1990).  In <u>Whitmore</u>,  the Court set out two requirements that should be met by the one seeking to qualify for "next friend" standing: (1) "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [he] seeks to litigate" (and it has been further suggested that a "'next friend' must have some significant relationship with the real party

in interest"); and (2) "the 'next friend' must provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action." Id. at 163-64.

Furthermore, the burden is on the "next friend" to justify his/her status and, thereby, to obtain the jurisdiction of the federal courts. See id. at 164. In view of these requirements, this Court cannot recognize Plaintiff as "next friends" of other inmates held at the ACJF. Therefore, all Plaintiff's claims asserted on behalf of other inmates should be dismissed with prejudice.

## 2. Conditions of Confinement Claims

Moreover, even if the Court were to ignore the fact that Plaintiff's Complaint named defendants not personally liable for the alleged wrongs and asserted solely jus tertii claims, Plaintiff's conditions of confinement challenges are substantively deficient.

As a pretrial detainee, Plaintiff is protected by the Due Process Clause of the Fourteenth Amendment. See Reynolds v. Wagner, 128 F.3d 166, 173 (3d Cir. 1997) (the Due Process Clause provides protections for pre-trial detainees similar to those protections afforded to sentenced prisoners); see also Bell v. Wolfish, 441 U.S. 520, 544 (1979). The Eighth Amendment sets forth the minimum standard by which claims of pretrial detainees rights

should be evaluated. _See_ _Bell_, 441 U.S. at 544 ("pretrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners"); _see_ _also_ _City of Revere v. Massachusetts Gen. Hosp._, 463 U.S. 239, 244 (1983) (a pretrial detainee's due process rights are said to be "at least as great as the Eighth Amendment protections available to a convicted prisoner").

However, "the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials." _Davidson v. Cannon_, 474 U.S. 344, 348 (1986); _see_ _also_ _Whitley v. Albers_, 475 U.S. 312 (1986).

Here, Plaintiff asserts that some inmates sleep on the mattresses placed on the floor near toilet bowls. Even if this Court were to assume, for screening purposes, that Plaintiff is among these inmates, Plaintiff's assertions fail to state a cognizable claim.

The district courts of this Circuit have found that temporarily forcing inmates to sleep on the floor with a mattress located near a toilet bowl does not, by itself, give rise to a claim of constitutional magnitude. _See_ _Renn v. Taylor_, 2001 WL 657591 (D. Del. 2001) (examining the issue in light of the Eighth Amendment); _Dickinson v. Taylor_, 2000 WL 1728363 (D. Del. 2000) (same); _Jackson v. Brewington-Carr_, 1999 WL 27124 (D. Del.1999) (same); _Randall v. City of Philadelphia_, 1987 WL 14383 (E.D.

Pa.1987) (same); <u>Huttick v. Philadelphia Prison System</u>, 1986 WL 10558 (E.D. Pa.1986) (same).

Moreover, the United States Court of Appeals for the Third Circuit recently addressed this practice in the context of a Fourteenth Amendment (applicable to pretrial detainees). <u>See</u> <u>Hubbard v. Taylor</u>, 538 F.3d 229 (3d Cir. 2008) ("<u>Hubbard II</u>"). In <u>Hubbard II</u>, the Third Circuit held that requiring pretrial detainees to sleep on a mattress on the floor *for three to seven months* did not constitute punishment in violation of the Fourteenth Amendment. <u>See</u> <u>id.</u> at 234-35. The court rejected the previously existing <u>per</u> <u>se</u> ban on the practice and instead considered it "as part of the 'totality of the circumstances within [the] institution.'" <u>Id.</u> at 235 (quoting <u>Hubbard v. Taylor</u>, 399 F.3d 150, 160 (3d Cir. 2005) ("<u>Hubbard I</u>")).[2] The court then concluded that although the plaintiffs "did spend a substantial amount of time on floor mattresses," they had access to large day rooms and the record did not substantiate plaintiffs' claims that the use of floor mattresses caused disease. <u>See</u> <u>id.</u>

Here, Plaintiff's allegations do not depict conditions worse than those addressed in <u>Hubbard II</u>. All Plaintiff asserts is his

---

[2] <u>Hubbard I</u> was the predecessor to <u>Hubbard II</u>. In <u>Hubbard I</u>, the Third Circuit remanded plaintiffs' case to the district court to apply the correct standard for a conditions of confinement claim by a detainee under the Fourteenth Amendment. <u>See</u> 399 F.3d at 166-67. The district court subsequently ruled in defendants' favor and plaintiffs appealed, resulting in <u>Hubbard II</u>. <u>See</u> 538 F.3d at 230.

displeasure with the fact that some inmates might have to sleep on
the floor mattress, with a toilet bowl being nearby.   However,
under <u>Hubbard II</u>, these allegations fail to state a claim and must
be dismissed with prejudice.   The same applies to Plaintiff's
allegations asserting insufficient cleanliness: these claims are
deficient because no fact stated in Plaintiff's Complaint suggests
that the ACJF conditions exposed Plaintiff, personally, to any
substantial hardship or an actual risk to his health/life.
Therefore, Plaintiff's allegations based on the conditions of
confinement will be dismissed.[3]

### 3.   Medical Care Claims

Finally, the Court takes notice of Plaintiff's sole sentence
closing with the request to ensure that the ACJF inmates would
"receive . . . proper medical care."   Docket Entry No. 1, at 5.
This sole sentence, vaguely hinting at nothing but a self-serving
bold conclusion, is facially deficient under the pleading standard
articulated in <u>Iqbal</u>.

However, out of abundance of caution, this Court will construe
this sole sentence as potentially indicative of the fact that

---

[3]  However, being mindful of Plaintiff's pro se litigant
status and not ruling out the possibility that Plaintiff
inadvertently omitted to state the facts that might cure the
deficiencies of Plaintiff's own conditions-of-confinement claim
or other Fourteenth Amendment claims that Plaintiff might wish to
assert on the basis of the events that translated into an injury
suffered by Plaintiff personally, this Court finds it warranted
to allow him an opportunity to detail such facts in his amended
pleading.

Plaintiff himself might have actually suffered a serious medical need but was, nonetheless, denied medical care by the ACJF officials.   Therefore, the Court will allow Plaintiff an opportunity to amend his complaint by: (a) detailing the serious medical need, if any, Plaintiff suffered; (b) specifying the circumstances under which his requests for medical care were denied, if at all; and (c) naming the particular ACJF officials who were personally involved in such hypothetical denial of medical care.[4]

IT IS, therefore, on this **14th** day of **September 2011**,

**ORDERED** that Plaintiff's application to proceed in forma pauperis is granted, and the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve this Memorandum Opinion and Order upon the Attorney General of the State of New Jersey and upon the Warden of Plaintiff's current place of confinement; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

---

[4] The Court, however, takes this opportunity to stress that Plaintiff's challenges must be fact-specific and shall reflect only on Plaintiff's own injuries, if any.

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee equal to 20% of the average monthly deposits to the Plaintiff's prison account for the six month period immediately preceding the filing of the Complaint; when funds exist, the New Jersey Department of Corrections shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the New Jersey Department of Corrections shall assess, deduct from the Plaintiff's account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular mail; and it is further

**ORDERED** that the Complaint is dismissed.  Such dismissal applies to all Defendants named in the Complaint.  All Plaintiff's claims - except for the claim suggesting potential denial of medical care and conditions of confinement - are dismissed with prejudice, while Plaintiff's claim suggesting potential denial of medical care and conditions-of-confinement claim are dismissed without prejudice; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED"; and it is further

**ORDERED** that Plaintiff may have this matter reopened in the event Plaintiff files, within thirty days from the date of entry of this Memorandum Opinion and Order, Plaintiff's amended complaint detailing, in accordance with guidance provided to Plaintiff herein, Plaintiff's claims, if any, asserting denial of medical care to Plaintiff and conditions of confinement; and it is finally

**ORDERED** that, if Plaintiff timely files such amended complaint, the Court will direct the Clerk to reopen this matter and will screen Plaintiff's amended complaint on merits.


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**